UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States,

       Plaintiff,

v.                                          Case No. 11-cr-20752

D-1, Orlando Gordon, et al.,                Sean F. Cox
                                                      United States District Court Judge

       Defendants.
_____/

**OPINION AND ORDER
DENYING DEFENDANT VINCE SHIVERS' MOTION TO SUPPRESS EVIDENCE
[DOCKET NO. 163]**

On November 14, 2012, the Government filed a second superceding indictment, naming Vince Shivers as a defendant, along with 14 other individuals. (Docket No. 160.)

Count III in the second superceding indictment alleges that "[o]n or about March 8, 2011, in the Eastern District of Michigan, Southern Division, defendant VINCE SHIVERS, having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting interstate commerce, a firearm . . . that was manufactured outside the state of Michigan and thus traveled in interstate commerce, in violation of Title 18, United States Code, Section 922 (g)(1)." (*Id.* at 4.)

On November 17, 2012, Defendant Vince Shivers ("Shivers") filed Defendant's Motion for an Evidentiary Hearing and Motion to Suppress Evidence, requesting that this Court hold an evidentiary hearing to determine whether to suppress a firearm that was seized in a home he

1

allegedly shared with Brittney Verner under FED. R. CRIM. P. 12(b)(3)(C). (Docket No. 163, at 1–3.)

In the Motion, Shivers contends:

1. Mr. Shivers is charged in an indictment with the offenses of conspiracy to distribute more than 1,000 kilograms of marijuana, more than 5 kilograms of cocaine, and more than 28 grams of crack cocaine, as well as being a felon in possession of a firearm on March 8, 2011. That some of the evidence seized arises from the execution of a federal search warrant at the residence 17621 Cornell Street, Southfield, Michigan.

2. This search was conducted by Troy Police Department officer, Craig Fitzpatrick, SA Miguel Chino and other DEA agents and Troy PD SWAT officers.

3. The firearm seized and offered by the government to support the indicted charge of Mr. Shivers being a felon in possession of a firearm was found holstered in a jointly-occupied home, belonging and registered to BRITTNEY VERNER, a co-resident of 17621 Cornell Street, Southfield, Michigan.

4. The presence of the firearm in a jointly-occupied home cannot sustain a charge of firearm possession by a felon, as mere presence alone is insufficient for possession under 18 U.S.C. § 922(g)(1). *United States v. Bailey*, 553 F.3d 940, 945 (6th Cir. 2009).

5. The firearm seized should be suppressed, as it was found within the dominion and control of Brittney Verner, the seller and registered owner, not Mr. Shivers. (*See Exhibit A – Firearm Sales Receipt and Registration*) . . . .

(Docket No. 163, at 1–2.)

Thus, Shivers contends that because the Government allegedly cannot or has not proven that he actually or constructively possessed the firearm, this Court should hold an evidentiary hearing to determine whether to suppress the firearm. (*Id.* at 11.)

The Government responds that Shivers' motion "is essentially a premature Federal Rule of Criminal Procedure . . . Rule 29 motion and is inappropriate at this stage of the proceedings."

2

(Docket No. 221, at 1.) The Government further contends that Shivers "fails to identify a single constitutional violation or other ground to suggest that the search was illegal, thus necessitating suppression of evidence. Instead defendant Shivers' motion focuses exclusively on whether the government will be able to prove that he 'possessed a firearm, either actually or constructively, on March 8, 2011.'" (*Id.* at 1–2.)

Federal Rule of Criminal Procedure 12(b) addresses pretrial motions in criminal cases. It states in relevant part:

> **(b) Pretrial Motions** . . .
>
> **(2) Motions That May Be Made Before Trial.** A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue.
>
> **(3) Motions That Must Be Made Before Trial.** The following must be raised before trial: . . .
>
> (C) a motion to suppress evidence; . . . .

FED. R. CRIM. P. 12(b)(2), (3)(C).

"An evidentiary hearing is required only if the motion is sufficiently definite, specific, detailed, and non-conjectural to enable the court to conclude that *contested issues of fact* going to the validity of the search are in question." *United States v. Abboud*, 438 F.3d 554, 577 (6th Cir. 2006) (citation and internal quotation marks omitted). "A defendant is not entitled to an evidentiary hearing where his arguments are entirely legal in nature." *United States v. Knowledge*, 418 F. App'x 405, 408 (6th Cir. 2011) (internal quotations omitted). "[A] defendant must make at least some initial showing of contested facts to be entitled to such a hearing." *United States v. Giacalone*, 853 F.2d 470, 483 (6th Cir. 1988).

It has long been held that "a defendant may not challenge an indictment on the ground that

3

it is not supported by sufficient evidence." *United States v. Levin*, 973 F.2d 463, 468 n.2 (6th Cir. 1992) (internal citations and quotations omitted); *see also United States v. Short*, 671 F.2d 178, 182–83 (6th Cir. 1982) ("One assumption is that a grand jury will be concerned with the rights of those who may be charged with crimes as well as with determining what offenses have been committed. When a body of citizens, properly chosen and constituted as a grand jury, finds probable cause to believe that a crime has been committed within its jurisdiction, that finding is sufficient to require a trial. The indictment is not evidence, as every petit jury in a criminal case is instructed. The prosecution must still produce evidence from which the trial jury can find every element of the offense proven beyond a reasonable doubt, or the defendant is entitled to a judgment of acquittal. However, the prosecution's evidence is tested at trial, not in a preliminary proceeding."); *United States v. Adamo*, 742 F.2d 927, 936–37 (6th Cir.1984) ("This Court, which has had occasion to render no less than six decisions in 1982 in which Costello was invoked, has consistently given the *Costello* language a literal reading: An indictment returned by a legally constituted and unbiased grand jury . . . if valid on its face, is enough to call for trial of the charge on the merits." (internal citations and quotations omitted)).

The offense of Felon in Possession of a Firearm, under 18 U.S.C. § 922(g), consists of three elements: "(1) the defendant had a previous felony conviction; (2) the defendant knowingly possessed the firearm specified in the indictment; and (3) the firearm traveled in or affected interstate commerce." *United States v. Campbell*, 549 F.3d 364, 374 (6th Cir. 2008).

In his motion, Shivers is asking this Court to determine whether or not sufficient facts exists to establish all of the elements listed above, beyond a reasonable doubt, with regard to the offense of Felon in Possession of a Firearm. As the Government points out, "[t]his Court is in no position

4

at this point to make those determinations since no evidence has been presented and therefore [it has no context to weigh the defendant's potential criminal liability." (Docket No. 221, at 2.) Shivers attached no documents or other evidence to support his motion. Instead, he merely contends that the firearm was owned and possessed solely by Brittney Verner because she allegedly possesses a receipt for the firearm and the firearm was registered in her name.

Furthermore, this Court declines to make a determination of whether Shivers knowingly possessed the firearm under the offense of Felon in Possession of a Firearm, even if this Court were to hold an evidentiary hearing, because grand juries determine whether the factual allegations alleged in an indictment are sufficient for trial, and challenges to the sufficiency of the evidence, at this early stage of the proceedings, are premature. This Court, therefore, declines to second-guess the grand jury's determinations.

This Court agrees with the Government's contention that Shivers is essentially asserting a premature Federal Rule of Criminal Procedure 29 motion–a motion for a judgment of acquittal.

Likewise, Shivers' reliance on *United States v. Bailey*, 553 F.3d 940, 945 (6th Cir. 2009) is inapposite. That case dealt with an insufficient evidence claim made on appeal after the defendant in that action filed a renewed motion for judgment of acquittal and was convicted of the crime of Felon in Possession of a Firearm. It did not deal with a suppression motion and a request for an evidentiary hearing prior to trial, and it does not suggest that this Court is required to hold a mini-trial to determine whether Shivers committed the crime of Felon in Possession of a Firearm. The facts were well-developed in *Bailey*. That is not the case here.

## CONCLUSION & ORDER

Accordingly, this Court **DENIES** Shivers' Motion for an Evidentiary Hearing and Motion

5

to Suppress Evidence [Docket No. 163].

In addition, this Court also **DENIES** all the joinders and/or concurrences with this motion. Defendants do not provide any argument or authority asserting how they have standing to challenge the search and seizure of the firearm. Regardless, those joinders and/or concurrences are **DENIED AS MOOT**.

**IT IS SO ORDERED**.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: February 6, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 6, 2013, by electronic and/or ordinary mail.

S/Jennifer McCoy
Case Manager