UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,

v.                                                             Case No. 11-cr-20752

D-16  Markita Johnson                         Sean F. Cox
                                                                              District Court Judge

        Defendant.
_____/

## OPINION AND ORDER
## DENYING DEFENDANT MARKITA JOHNSON'S MOTION TO SEVER [DOCKET ENTRY NO. 288]

There are sixteen defendants charged in this action, including Defendant Markita Johnson. In the second superceding indictment, Johnson is charged with (1) Conspiracy to Launder Monetary Instruments and (2) Criminal Forfeiture. (Docket Entry No. 160, at 8–9.)

Before the Court is Johnson's Motion to Sever. Johnson contends that the Court should grant her Motion to Sever because there is no logical interrelationship between her money laundering charge and the other defendants' charges involving drug trafficking. (Docket Entry No. 288, at 6–8.) She also asserts that if she is tried with the other defendants, there is a serious risk that she may be prejudiced due to the serious nature of her co-defendants' charges.  (*Id.*)

Federal Rule of Criminal Procedure 8(b) provides as follows:

> (a) Joinder of Offenses. The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged--whether felonies or misdemeanors or both--are of the same or similar character, or are based on the same

>   act or transaction, or are connected with or constitute parts of a common scheme or plan.
>   (b) Joinder of Defendants. The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

FED. R. CRIM. P. 8(a)–(b).

Federal Rule of Criminal Procedure 14(a) provides a defendant with an avenue for relief from a prejudicial joinder:

>   (a) Relief. If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

FED. R. CRIM. P. 14(a).

"Generally, persons indicted together should be tried together." *United States v. Warner*, 971 F.2d 1189, 1196 (6th Cir.1992). "[J]oinder is highly favored in conspiracy cases, over and above general disposition towards joinder for reasons of efficiency and judicial economy." *United States v. Tedder*, 801 F.2d 1437, 1450 (4th Cir. 1986). Severance should be granted "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993). A defendant must show substantial, undue, or compelling prejudice to require a severance. *United States v. Lopez*, 309 F.3d 966, 971 (6th Cir. 2002).

The Court disagrees that there is no logical interrelationship with the other defendants'

charges in this action. This action involves the activities of an alleged drug trafficking organization, which included money laundering. The Sixth Circuit has previously determined that money laundering is an act integrally related to the success of a conspiracy to distribute drugs. *United States v. Rooks*, 181 F.3d 105, 1999 WL 357830, at *3–4 (6th Cir. May 25, 1999) ("Several witnesses testified in part to the financial aspects, including money laundering, of the drug conspiracy. Cook argues that the cumulative effect of these witnesses' testimony denied him a fair trial and highly prejudiced him. We have determined that '[m]oney-laundering is an act integrally related to the success of a conspiracy to distribute drugs.' *United States v. Todd*, 920 F.2d 399, 406 (6th Cir.1990).").

Furthermore, simply because his or her co-defendants are charged with crimes involving an drug trafficking conspiracy, does not mean a defendant will be prejudiced by any spillover effect of the evidence because a jury is "presumed capable of sorting out the evidence applicable to each defendant and rendering its verdict accordingly." *United States v. Elder*, 90 F.3d 1110, 1120 (6th Cir. 1996); *United States v. Medina*, 992 F.2d 573, 587 (6th Cir. 1993); *United States v. Frazier*, 584 F.2d 790, 795 (6th Cir. 1978). The defendant bears the burden of demonstrating "substantial prejudice" in this context. *United States v. Beverly*, 369 F.3d 516, 534 (6th Cir. 2004). Johnson has failed to establish substantial prejudice. The Court notes that Johnson is charged with laundering some of the alleged profits from drug trafficking. As the Government points out, evidence of drug trafficking will be presented in Johnson's case, regardless if the Court were to grant her Motion to Sever, because narcotics distribution represents the "unlawful activity," under 18 U.S.C. § 1956(a), from which Johnson allegedly laundered the proceeds.

## CONCLUSION AND ORDER

**IT IS ORDERED** that Defendant Markita Johnson's Motion to Sever [Docket No. 288] is **DENIED**.

**IT IS SO ORDERED**.

                                                  S/Sean F. Cox
                                                  Sean F. Cox
                                                  United States District Judge

Dated: March 8, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 8, 2013, by electronic and/or ordinary mail.

                                                  S/Jennifer McCoy
                                                  Case Manager